$350.00

MAM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HEATHER HAGAN, individually, and         :
SKYLAR HAGAN, a minor, by and through her:
parent and natural guardian, HEATHER     :
HAGAN,                                   :
1518 Forrestal Street                    :
Philadelphia, PA 19145                   :
                                         :
                Plaintiffs,              :
                                         :
        v.                               :
                                         :
ROCHELLE BILAL,                          :
103 E. Colonial Street                   :
Philadelphia, PA 19120                   :
        and                              :
CITY OF PHILADELPHIA                     :
1515 Arch Street, 14th Floor             :
Philadelphia, PA 19102                   :
                                         :
                Defendants.              :

JURY TRIAL DEMANDED

CIVIL ACTION NO. 11-

**11    4343**

## **COMPLAINT**

## **I. PARTIES**

1.      Plaintiff, Heather Hagan, is an adult individual, *sui juris*, and a citizen of the

Commonwealth of Pennsylvania, whose address is set forth in the caption above.

2.      Plaintiff, Skylar Hagan, a minor, by and through her parent and natural guardian,

Heather Hagan, is a citizen of the Commonwealth of Pennsylvania, whose address is set forth in the

caption above.

3.      Defendant, Rochelle Bilal (hereinafter "Bilal"), was at all times relevant hereto a

Philadelphia Police Officer, badge number 5692, employed by Defendant, City of Philadelphia, whose

address is set forth in the caption above.

4.      Defendant, City of Philadelphia, is a municipality and/or jural entity organized and

existing under the laws of the Commonwealth of Pennsylvania, with a business address at 1515 Arch

Street, 14th Floor, Philadelphia, Pennsylvania 19102.

5.      At all times material hereto, Defendant, City of Philadelphia, owned, operated,

controlled and/or was otherwise responsible for the City of Philadelphia Police Department.

6.      At all times relevant hereto, Defendant, Bilal, who is being sued in both her individual and official capacities, acted by and through her actual or apparent employees, servants, agents and/or ostensible agents, who were in the course and scope of their actual or apparent employment, service and/or agency with all other Defendants implementing the law enforcement and related policies and practices of the City of Philadelphia Police Department.

7.      At all times relevant hereto, Defendant, City of Philadelphia, by and through the City of Philadelphia Police Department, was acting under color of state law and had the responsibility for managing its officers, and employees, training, disciplining, and setting official policy for the Police Department and its employees, including, Defendant Bilal.

8.      At all times relevant hereto, all Defendants were acting under color of state law and had the responsibility of observing and protecting the constitutional rights of Plaintiffs.

## II. JURISDICTION

9.      This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C.A. § 1331, as Plaintiff seeks relief in accordance with 42 U.S.C. §1983.

10.     This Honorable Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. § 1367.

## III. FACTS

11.     On October 7, 2009, at approximately 12:30 p.m., Plaintiff, Heather Hagan, was driving northbound in the far left lane of Broad Street at or near its intersection with Girard Avenue located in the City and County of Philadelphia, Pennsylvania.

12.     At all times material hereto, Plaintiff, Heather Hagan was three (3) months pregnant and her four (4) year old minor daughter, Plaintiff, Skylar Hagan, was a back-seated passenger in Plaintiff's vehicle.

2

13.     At the aforementioned time and place, Plaintiff, Heather Hagan, was driving to Saint Joseph's Preparatory High School to pick up her step-son from school.

14.     Plaintiff, Heather Hagan, had never driven to this location before and was following directions provided by her husband.

15.     At the aforementioned time and place, Defendant, Bilal, suddenly and unexpectedly pulled up along the right front side of Plaintiff's vehicle in a gold Grand Cherokee honking her horn, ranting, yelling and demanding that Plaintiff, Heather Hagan, not make a left hand turn onto Girard Avenue.

16.     Defendant Bilal, in civilian attire, blocked off Plaintiffs' forward lane of travel and demanded that Plaintiff, Heather Hagan, immediately roll down her car window, claiming that she was a police officer.

17.     Obviously frightened and scared that an unknown driver suddenly pulled alongside of and in front of her car screaming various threats, Plaintiff, Heather Hagan, stopped her vehicle and timidly asked Defendant, Bilal, for identification.

18.     Inexplicably, Defendant, Bilal, refused to provide any identification, instead, replying that she was "off-duty" while continuing to yell and threaten Plaintiff, Heather Hagan.

19.     Simultaneous with these verbal exchanges, Plaintiff, Heather Hagan, was trying to calm her young daughter, Plaintiff, Skylar Hagan, who had heard and seen all of Defendant's deplorable conduct and was visibly terrified as a result of Defendant Bilal's sudden and unexpected actions and threatening demeanor, including, but not limited to, blocking Plaintiffs' vehicle from driving away and screaming various threats.

20.     Under the circumstances, Plaintiff, Heather Hagan, also in a visibly frightened state, told Defendant, Bilal, that she was scared of getting lost and that she was going to follow her directions to her son's school, make a turn with her hazard lights activated, and park her vehicle so she could calm her

3

four (4) year old daughter, Plaintiff, Skylar Hagan, who was visibly frightened and by this point hysterically crying.

21.     Plaintiff, Heather Hagan, then activated her vehicle's hazard lights and cautiously made a left hand turn onto Girard Avenue and proceeded for approximately four (4) blocks before turning into the parking lot of her son's school.

22.     Inexplicably, Defendant, Bilal, also made a left hand turn onto Girard Avenue from the **right** lane of Broad Street and followed Plaintiffs' vehicle the entire way to the Prep while constantly honking her horn, ranting, yelling and demanding that Plaintiff, Heather Hagan pull over her vehicle.

23.     Defendant, Bilal, then followed Plaintiffs' vehicle into the school parking and parked directly behind the Plaintiff's vehicle, trapping the same from being able to leave.

24.     Plaintiff, Heather Hagan, was too frightened to get out of her vehicle and comfort her daughter because Defendant, Bilal, immediately jumped out of her vehicle and rushed toward Plaintiffs.

25.     Plaintiff, Heather Hagan, still seated in her vehicle with her daughter hysterically crying in the backseat, again, fearfully asked Defendant, Bilal, for identification.

26.     Defendant, Bilal, again, refused to provide any identification and walked back to her vehicle threatening to write a ticket, among other things.

27.     While Defendant, Bilal, walked back towards her vehicle, Plaintiff, Skylar Hagan, fearful for her life, asked her mother if Defendant was going to kill them.

28.     Plaintiff, Heather Hagan, rushed out of her vehicle, quickly took her daughter out of the backseat, and ran into her step-son's school.

29.     Plaintiff, Heather Hagan, immediately called 911 and waited for the responding police officer to arrive.

30.     Plaintiffs watched Defendant, Bilal, from inside the school and, once they heard police sirens, Defendant started her vehicle and left the parking lot.

4

31. When a uniformed police officer arrived at Saint Joseph's Preparatory High school, Plaintiffs cooperated fully and explained what had transpired.

32. The next day, on October 8, 2010, Plaintiff, Heather Hagan, filed a Citizen's Complaint with the City of Philadelphia Police Department regarding the aforementioned incident and the reckless, wanton, willful and malicious misconduct of Defendant, Bilal.

33. At all times material hereto, the acts of Defendant, Bilal, were committed without cautious regard or due care, and with such wanton and reckless disregard of the consequences as to show Defendant's conscious indifference to the danger of harm.

34. At all times material hereto, the conduct of Defendant, Bilal, was intentional and without legal justification in a menacing manner, designed and intended to cause Plaintiffs fear, distress and embarrassment.

35. At all times material hereto, the acts of defendant were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and by conduct so egregious, as to shock the conscious.

36. At no time, did Plaintiffs commit any offense against the laws of the Commonwealth of Pennsylvania, the United States of America or the City of Philadelphia.

37. As a direct and proximate cause of Defendants' tortious, illegal and unconstitutional actions and inactions, Plaintiffs suffered fear, horror, chagrin, nightmares, anxiety, embarrassment, loss of liberty, confinement and loss of enjoyment of life, all to their great detriment and loss.

WHEREFORE, in consideration of the foregoing, Plaintiffs, Heather Hagan and Skylar Hagan, a minor, by and through her parent and natural guardian, Heather Hagan, demand judgment in their favor and against Defendants, Rochelle Bilal and the City of Philadelphia, jointly and severally, for an amount in excess of One-Hundred and Fifty Thousand dollars ($150,000.00), plus punitive damages, the

statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

## COUNT I
### VIOLATION OF CIVIL RIGHTS
### PLAINTIFF, HEATHER HAGAN v. ALL DEFENDANTS

38.    Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

39.    The actions of the Defendants, as described above, were undertaken in bad faith and with a deliberate indifference to and callous disregard of Plaintiff's constitutional rights in that the Defendants:

a.    physically assaulted Plaintiff when it was clear to any reasonable officer that there was no probable cause for detention, imprisonment and/or arrest;

b.    assaulted Plaintiff and detained her when there was absolutely no trustworthy or fair probability that she had committed a crime;

c.    conspired in callous disregard for the safety of the Plaintiff to cover up the assault, detention and false imprisonment by providing false and misleading information to responding police officers and thereby deprived Plaintiff of her constitutional right to access to the courts;

d.    violated Plaintiff's substantive due process rights;

e.    intentionally veiling and failing to report the incident as it occurred;

f.    intentionally and recklessly exposing Plaintiff to a state created danger;

g.    intentionally and recklessly failing to memorialize and/or file the proper incident reports in accordance with State law and administrative regulations;

h.    recklessly fostering abuse and misconduct by and between police officers that would foreseeably lead to more misconduct against innocent citizens;

i.    exhibiting a willful disregard for the safety of Plaintiff;

j.     used its authority to conceive, draft, implement and enforce policies that created an opportunity for danger in the form of excessive and unwarranted uses of force by police officers as well as misconduct by off-duty police officers;

k.     had in force policies and customs that permitted the assault and false imprisonment of an innocent citizen by an off-duty Philadelphia Police Officer; and

l.     wasting the time and resources of both the Plaintiff and the City of Philadelphia to process fictitious charges and investigations against Plaintiff.

40.     The conduct of Defendants as set forth above, acting under color of state law, was intended to harm Plaintiff and/or was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to members of the public and to Plaintiffs, and was so egregious as to shock the conscience.

41.     The conduct of Defendants as set forth above violated Plaintiff's constitutional rights to be free from unreasonable searches and seizures, right to be free from arrest without probable cause, right to be free from stops absent a reasonable suspicion that she has committed a crime, rights to bodily integrity, rights to care in custody, right to be free from excessive force, rights to be free from cruel and unusual punishment, rights to privacy, and to substantive and procedural due process, as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. §1983.

42.     Defendants' conduct of engaging in a cover up of the illegal stop and use of force as set forth above violated Plaintiff's constitutional right of access to courts provided by the privileges and immunities clauses of Article 4 and the Fourteenth Amendment of the Constitution, the right to petition for redress of grievances found in the First Amendment, and the Due Process Clause.

43.    The actions of Defendants, as described above, were undertaken in bad faith and with a deliberate indifference to and callous disregard of Plaintiff's constitutional rights.

44.    As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered injuries which include, but are not limited to, the following: fear and anxiety; anxiety attacks; false arrest; false imprisonment; false detention; loss of personal freedom; sleeplessness; severe emotional distress; damage to the nerves and nervous system; emotional pain and suffering; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on her for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

45.    As a direct result of Defendants' actions and/or failure to act, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

46.    As a direct result of Defendants' actions and/or failure to act, Plaintiff has or may suffer a severe loss of earnings and impairment of earning power and capacity.

47.    As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered medically determinable physical and/or mental impairments which prevent the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

48.    As a direct result of Defendants' actions and/or failure to act, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

49.      As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer from same for an indefinite time in the future.

50.      As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered severe fear, anxiety, intentionally and negligently inflicted emotional distress, depression and feelings of helplessness, as well as the physical manifestations of those psychological injuries.

WHEREFORE, in consideration of the foregoing, Plaintiff, Heather Hagan, demands judgment in her favor and against Defendants, Rochelle Bilal and the City of Philadelphia, jointly and severally, for an amount in excess of One-Hundred and Fifty Thousand dollars ($150,000.00), plus punitive damages, the statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

### COUNT II
### VIOLATION OF CIVIL RIGHTS
### PLAINTIFF, SKYLAR HAGAN v. ALL DEFENDANTS

51.      Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

52.      The actions of the Defendants, as described above, were undertaken in bad faith and with a deliberate indifference to and callous disregard of Plaintiff's constitutional rights in that the Defendants:

       a.     physically assaulted Plaintiff when it was clear to any reasonable officer that there was no probable cause for detention, imprisonment and/or arrest;

       b.     assaulted Plaintiff and detained her when there was absolutely no trustworthy or fair probability that she had committed a crime;

       c.     conspired in callous disregard for the safety of the Plaintiff to cover up the assault, detention and false imprisonment by providing false and misleading information to responding police officers and thereby deprived Plaintiff of her

9

constitutional right to access to the courts;

d.    violated Plaintiff's substantive due process rights;

e.    intentionally veiling and failing to report the incident as it occurred;

f.    intentionally and recklessly exposing Plaintiff to a state created danger;

g.    intentionally and recklessly failing to memorialize and/or file the proper incident reports in accordance with State law and administrative regulations;

h.    recklessly fostering abuse and misconduct by and between police officers that would foreseeably lead to more misconduct against innocent citizens;

i.    exhibiting a willful disregard for the safety of Plaintiff;

j.    used its authority to conceive, draft, implement and enforce policies that created an opportunity for danger in the form of excessive and unwarranted uses of force by police officers as well as misconduct by off-duty police officers;

k.    had in force policies and customs that permitted the assault and false imprisonment of an innocent citizen by an off-duty Philadelphia Police Officer; and

l.    wasting the time and resources of both the Plaintiff and the City of Philadelphia to process fictitious charges and investigations against Plaintiff.

53.    The conduct of Defendants as set forth above, acting under color of state law, was intended to harm Plaintiff and/or was recklessly and deliberately indifferent to the safety, bodily integrity, well-being, privacy and liberty of Plaintiff, and was committed in conscious disregard of the substantial and/or unjustifiable risk of causing harm to members of the public and to Plaintiffs, and was so egregious as to shock the conscience.

54.    The conduct of Defendants as set forth above violated Plaintiff's constitutional rights to be free from unreasonable searches and seizures, right to be free from arrest without probable cause,

right to be free from stops absent a reasonable suspicion that she has committed a crime, rights to bodily integrity, rights to care in custody, right to be free from excessive force, rights to be free from cruel and unusual punishment, rights to privacy, and to substantive and procedural due process, as guaranteed by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and as remediable pursuant to 42 U.S.C. §1983.

55.     Defendants' conduct of engaging in a cover up of her illegal stop and use of force as set forth above violated Plaintiff's constitutional right of access to courts provided by the privileges and immunities clauses of Article 4 and the Fourteenth Amendment of the Constitution, the right to petition for redress of grievances found in the First Amendment, and the Due Process Clause.

56.     The actions of Defendants, as described above, were undertaken in bad faith and with a deliberate indifference to and callous disregard of Plaintiff's constitutional rights.

57.     As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered injuries which include, but are not limited to, the following: fear and anxiety; anxiety attacks; false arrest; false imprisonment; false detention; loss of personal freedom; sleeplessness; severe emotional distress; damage to the nerves and nervous system; emotional pain and suffering; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on her for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

58.     As a direct result of Defendants' actions and/or failure to act, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

59.     As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered medically determinable physical and/or mental impairments which prevent the Plaintiff from performing

all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

60.      As a direct result of Defendants' actions and/or failure to act, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

61.      As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer from same for an indefinite time in the future.

62.      As a direct result of Defendants' actions and/or failure to act, Plaintiff has suffered severe fear, anxiety, intentionally and negligently inflicted emotional distress, depression and feelings of helplessness, as well as the physical manifestations of those psychological injuries.

WHEREFORE, in consideration of the foregoing, Plaintiff, Skylar Hagan, by and through her parent and natural guardian, Heather Hagan, demands judgment in her favor and against Defendants, Rochelle Bilal and the City of Philadelphia, jointly and severally, for an amount in excess of One-Hundred and Fifty Thousand dollars ($150,000.00), plus punitive damages, the statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

## COUNT III
### ASSAULT
## PLAINTIFF, HEATHER HAGAN v. DEFENDANT, ROCHELLE BILAL

63.      Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

64.      The Defendant engaged in intentional and willful misconduct in that she desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.

65.     Pursuant to 42 Pa.C.S. § 8550, the intentional and willful misconduct of the Defendant serves to waive any immunity or limitation on damages that Defendant may attempt to allege under the Political Subdivision Tort Claims Act.

66.     Plaintiff hereby alleges that the aforementioned intentional and willful actions by the Defendant constituted the tort of assault.

67.     Plaintiff hereby alleges that the aforementioned actions by the Defendant constitute verbal assault causing Plaintiff's reasonable fear of bodily harm.

68.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered injuries which include, but are not limited to, the following: fear and anxiety; anxiety attacks; false arrest; false imprisonment; false detention; loss of personal freedom; sleeplessness; severe emotional distress; damage to the nerves and nervous system; emotional pain and suffering; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on her for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

69.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

70.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has or may suffer a severe loss of earnings and impairment of earning power and capacity.

71.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered medically determinable physical and/or mental impairments which prevent the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

72.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

73.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer from same for an indefinite time in the future.

74.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered severe fear, anxiety, intentionally and negligently inflicted emotional distress, depression and feelings of helplessness, as well as the physical manifestations of those psychological injuries.

WHEREFORE, in consideration of the foregoing, Plaintiff, Heather Hagan, demands judgment in her favor and against Defendant, Rochelle Bilal, for an amount in excess of One-Hundred and Fifty Thousand dollars ($150,000.00), plus punitive damages, the statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

### COUNT IV
#### ASSAULT
### PLAINTIFF, SKYLAR HAGAN v. DEFENDANT, ROCHELLE BILAL

75.     Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

76.     The Defendant engaged in intentional and willful misconduct in that she desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.

77.     Pursuant to 42 Pa.C.S. § 8550, the intentional and willful misconduct of the Defendant serves to waive any immunity or limitation on damages that Defendant may attempt to allege under the Political Subdivision Tort Claims Act.

78.     Plaintiff hereby alleges that the aforementioned intentional and willful actions by the Defendant constituted the tort of assault.

14

79.     Plaintiff hereby alleges that the aforementioned actions by the Defendant constitute verbal assault causing Plaintiff's reasonable fear of bodily harm.

80.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered injuries which include, but are not limited to, the following: fear and anxiety; anxiety attacks; false arrest; false imprisonment; false detention; loss of personal freedom; sleeplessness; severe emotional distress; damage to the nerves and nervous system; emotional pain and suffering; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on her for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

81.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various   sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

82.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has or may suffer a severe loss of earnings and impairment of earning power and capacity.

83.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered medically determinable physical and/or mental impairments which prevent the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

84.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

85.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer from same for an indefinite time in the future.

86.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered severe fear, anxiety, intentionally and negligently inflicted emotional distress, depression and feelings of helplessness, as well as the physical manifestations of those psychological injuries.

WHEREFORE, in consideration of the foregoing, Plaintiff, Skylar Hagan, a minor, by and through her parent and natural guardian, Heather Hagan, demands judgment in her favor and against Defendant, Rochelle Bilal, for an amount in excess of One-Hundred and Fifty Thousand dollars ($150,000.00), plus punitive damages, the statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

### COUNT V
### FALSE IMPRISONMENT
### PLAINTIFF, HEATHER HAGAN v. DEFENDANT, ROCHELLE BILAL

87.     Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

88.     The Defendant engaged in intentional and willful misconduct in that she desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.

89.     Pursuant to 42 Pa.C.S. § 8550, the intentional and willful misconduct of the Defendant serves to waive any immunity or limitation on damages that Defendant may attempt to allege under the Political Subdivision Tort Claims Act.

90.     Plaintiff hereby alleges that the aforementioned intentional and willful actions by the Defendant constituted the tort of false imprisonment.

91.     Plaintiff hereby alleges that the aforementioned actions by the Defendant and any periods of confinement directly resulting from the improper stop, blocking and subsequent containment

16

of Plaintiff's vehicle while Defendant verbally assaulted Plaintiffs constitute the false imprisonment of Plaintiff in that the Defendant intended to confine the Plaintiff within boundaries fixed by said Defendant; the Defendant's acts directly or indirectly resulted in such confinement; and Plaintiff was conscious of the confinement and was harmed thereby.

92.    As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered injuries which include, but are not limited to, the following: fear and anxiety; anxiety attacks; false arrest; false imprisonment; false detention; loss of personal freedom; sleeplessness; severe emotional distress; damage to the nerves and nervous system; emotional pain and suffering; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on her for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

93.    As a direct result of Defendant's actions and/or failure to act, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

94.    As a direct result of Defendant's actions and/or failure to act, Plaintiff has or may suffer a severe loss of earnings and impairment of earning power and capacity.

95.    As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered medically determinable physical and/or mental impairments which prevent the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

96.    As a direct result of Defendant's actions and/or failure to act, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

97.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer from same for an indefinite time in the future.

98.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered severe fear, anxiety, intentionally and negligently inflicted emotional distress, depression and feelings of helplessness, as well as the physical manifestations of those psychological injuries.

WHEREFORE, in consideration of the foregoing, Plaintiff, Heather Hagan, demands judgment in her favor and against Defendant, Rochelle Bilal, for an amount in excess of One-Hundred and Fifty Thousand dollars ($150,000.00), plus punitive damages, the statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

**COUNT VI**
**FALSE IMPRISONMENT**
**PLAINTIFF, SKYLAR HAGAN v. DEFENDANT, ROCHELLE BILAL**

99.     Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

100.    The Defendant engaged in intentional and willful misconduct in that she desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.

101.    Pursuant to 42 Pa.C.S. § 8550, the intentional and willful misconduct of the Defendant serves to waive any immunity or limitation on damages that Defendant may attempt to allege under the Political Subdivision Tort Claims Act.

102.    Plaintiff hereby alleges that the aforementioned intentional and willful actions by the Defendant constituted the tort of false imprisonment.

103.    Plaintiff hereby alleges that the aforementioned actions by the Defendant and any periods of confinement directly resulting from the improper stop, blocking and subsequent containment of Plaintiff's vehicle while Defendant verbally assaulted Plaintiffs constitute the false imprisonment of

18

Plaintiff in that the Defendant intended to confine the Plaintiff within boundaries fixed by said Defendant; the Defendant's acts directly or indirectly resulted in such confinement; and Plaintiff was conscious of the confinement and was harmed thereby.

104.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered injuries which include, but are not limited to, the following: fear and anxiety; anxiety attacks; false arrest; false imprisonment; false detention; loss of personal freedom; sleeplessness; severe emotional distress; damage to the nerves and nervous system; emotional pain and suffering; as well as other permanent physical and psychological disorders that will continue to have an adverse impact on her for the foreseeable future including other ailments that Plaintiff's treating health care providers may diagnose.

105.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has been or will be required to receive and undergo medical attention and care and to expend various   sums of money and to incur various expenses and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

106.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered medically determinable physical and/or mental impairments which prevent the Plaintiff from performing all or substantially all of the material acts and duties which constituted the Plaintiff's usual and customary activities prior to the accident.

107.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has or may hereafter incur other financial expenses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover.

108.     As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer from same for an indefinite time in the future.

109.    As a direct result of Defendant's actions and/or failure to act, Plaintiff has suffered severe fear, anxiety, intentionally and negligently inflicted emotional distress, depression and feelings of helplessness, as well as the physical manifestations of those psychological injuries.

WHEREFORE, in consideration of the foregoing, Plaintiff, Skylar Hagan, a minor, by and through her parent and natural guardian, Heather Hagan, demands judgment in her favor and against Defendant, Rochelle Bilal, for an amount in excess of One-Hundred and Fifty Thousand dollars ($150,000.00), plus punitive damages, the statutory rate of interest, attorneys' fees, costs and related expenses, and such other just and equitable relief as this Honorable Court deems proper.

## V. JURY DEMAND

Plaintiffs hereby demand a trial by jury as to each Count against Defendant.

VILLARI, LENTZ & LYNAM, LLC

7/6/11

Leonard G. Villari, Esquire
Thomas A. Lynam, Esquire
I.D. Nos. 68844 / 83817
1600 Market Street, Suite 1800
Philadelphia, PA 19103
215-568-1990
Attorneys for Plaintiffs

20